IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| DEMETRIUS L. LANCASTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 1:11-00055 |
| | ) JUDGE CAMPBELL/KNOWLES |
| | ) |
| DAMON HININGER, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a "Motion to Dismiss" filed by Defendants Donna White and Reuben Hodge. Docket No. 45. These Defendants have filed a supporting Memorandum of Law. Docket No. 46. Plaintiff has not responded to the Motion.

This is a pro se, in forma pauperis action filed pursuant to 42 U.S.C. § 1983 by an inmate who was in the custody of the Tennessee Department of Correction at the time of the incidents referred to in the Complaint. Docket No. 1. Plaintiff was housed at South Central Correctional Facility. He essentially avers that he hurt his neck while in a vocational class at SCCF in February 2010. He avers that his complaints concerning that injury were not taken seriously. Specifically, he states that he "wrote Donna K. White, the Director of Health . . . in hopes I could receive some help." Docket No. 1, p. 5. He further states, "I wrote Donna K. White . . . about this deliberate indifference issue." *Id.*, p. 6.

With regard to Defendant Hodge, who is an Assistant Commissioner of the Tennessee Department of Correction, Plaintiff states:

> I was seen by Dr. Able in Nashville, Tn. He stated, "That I needed corrective surgery." The first of January 2010, but I'm still not receiving the recommended surgery. I'm still suffering and hurting everyday, so I wrote . . . Reuben Hodge corresponded saying, "This is the final advisement of such."

Plaintiff seeks declaratory relief and an "Injunctive Order" compelling Defendants White and Hodge to provide necessary medical care to him. He also seeks $50,000 in compensatory damages from each of the instant Defendants.

As Defendants correctly argue, a plaintiff pursuing a claim under 42 U.S.C. § 1983 must allege and prove that a defendant was personally involved in some manner in the alleged unconstitutional activity set out in the Complaint. *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Supervisors cannot be held liable under § 1983 solely on the basis of respondeat superior. *Monell v. New York City Dept. of Soc. Serv.,* 436 U.S. 658, 691-94 (1978). A Plaintiff must show that a supervisor personally participated in the alleged wrongdoing. *Wilson v. Beebe,* 612 F.2d 275, 276 (6th Cir. 1980). Liability under § 1983 must be based on an act of unconstitutional behavior and cannot be based upon "a mere failure to act." *Shehee v. Lutrell,* 199 F.3d 295, 300 (6th Cir. 1999). Even a supervisory official who is aware of the unconstitutional conduct of his subordinates, but fails to act, generally cannot be held liable in his individual capacity. *Id.* Allegations that a defendant mishandled a grievance or failed to investigate a complaint fail to state a claim. *Id.* An official whose only role is the denial of a prison grievance is not liable under § 1983. *Id.*

Plaintiff's allegations that he wrote letters to Defendants White and Hodge, therefore, fail to state a claim upon which relief can be granted.

With regard to Plaintiff's claim for injunctive and declaratory relief, the Court notes that

Plaintiff has been released from prison. Docket No. 44. His claims for declaratory and injunctive relief are, therefore, moot. *Dellis v. Corrections Corporation of America,* 257 F.3d 506 (6th Cir. 2001); *Kensu v. Haigh,* 87 F.3d 172 (6th Cir. 1996).

For the foregoing reasons, the undersigned recommends that the instant Motion to Dismiss (Docket No. 45) be GRANTED, and that this action if DISMISSED WITH PREJUDICE as to Defendants White and Hodge.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. Clifton Knowles
United States Magistrate Judge